UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID L. WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:04-CV-383 |
| | ) | (PHILLIPS/GUYTON) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for judgment on the pleadings [Doc. 9], and the defendant's motion for summary judgment. [Doc. 12]. The plaintiff, David L. Watts, seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's degenerative disc disease of the lumbar spine, status-post lumbar diskectomy, with pain in the back and legs, as well as numbness in the legs; and atrial fibrillation are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: lift/carry 10 pounds on an "occasional" basis and 5 pounds on a "frequent" basis. He can stand and/or walk 2 hours during an 8-hour workday, but only 30 minutes at a time; and can sit 6 hours during an 8-hour workday, but only 30 minutes at a time. He is precluded from "more than occasional" climbing, stooping, crouching, crawling, kneeling, and balancing. He can "infrequently" bend. He is precluded from "more than infrequently" reaching above shoulder with either arm, and is precluded from "more than occasional" fine manipulation. These exertional and nonexertional limitations are commensurate with a residual functional capacity for a significant range of sedentary work.

7. The claimant is unable to perform any of his past relevant work (20 C.F.R. § 404.1565).

8. The claimant is a "younger individual" (20 C.F.R. § 404.1563).

2

> 9. The claimant has a "high school (or high school equivalent) education" (20 C.F.R. § 404.1564).
>
> 10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).
>
> 11. The claimant has the residual functional capacity to perform a significant range of sedentary work (20 C.F.R. § 404.1567).
>
> 12. Although the claimant's exertional limitations do not allow him to perform the full range of sedentary work, using Medical-Vocational Rule 201.21 as a framework for decisionmaking, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include: ticket taker, with 460 jobs existing in the regional economy and 101,680 in the national economy; information clerk, with 2,520 jobs existing in the regional economy and 1,046,590 in the national economy.
>
> 13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f)).

(Tr. 21-22).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987); Landsaw v. Secretary of Health & Human Services, 803 F.2d 211, 213 (6th Cir.1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently.

3

See Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

On appeal, plaintiff argues that the ALJ erred in rejecting the opinions of his treating sources and in not considering all of his impairments. Plaintiff, who was 49 years old on the date of the ALJ's decision, has a high school education with past relevant work as an aircraft mechanic and as a postal clerk. (Tr. 15, 79, 100, 105, 420-24).

Plaintiff alleges disability due to degenerative disk disease of the lumbar spine, as well as a heart condition, skin cancer, a cyst in his left eye, and hearing problems. Plaintiff alleges that he could not perform his past work, or any other work, due to back pain. (Tr. 424). After low back surgery, his condition improved, and he returned to work until his back pain with leg numbness worsened to the point where he claims he could no longer work. (Tr. 100, 420-26, 433). Plaintiff also alleges that he has atrial fibrillation (irregular heartbeats) that occurs two or three times a day, thereby requiring him to sit down. (Tr. 428-29, 441-42). Plaintiff also alleges several other impairments: skin cancer which requires him to stay out of the sun; a cyst on the side of his eye that flares up two or three times a year, causing him to close his eyes for 24 to 48 hours for relief; and a constant ringing in his ears that impairs his hearing. (Tr. 431-33).

Plaintiff contends that the ALJ erred in discrediting the opinions of his treating

4

sources Drs. Ragland and Aungst, who both found that he is disabled. (Tr. 306-312). Treating physician Dr. Ragland opined that plaintiff could occasionally lift up to 20 pounds, and although he did not offer an opinion on how long plaintiff could sit, stand, or walk, he did state that plaintiff could not reasonably be expected to work a 40-hour week. (Tr. 309-10). However, Dr. Ragland concluded that in order to fully assess plaintiff's ability to function, a functional capacities evaluation of plaintiff would be needed. (Tr. 309-12). Chiropractor Steven Aungst, who treated plaintiff for approximately two months, opined that plaintiff could infrequently lift up to 10 pounds; sit, stand, and walk for 8 hours in an 8-hour day, not more than 30 minutes at a time; and could not reasonably be expected to work a 40-hour week. (Tr. 292-96, 306-08).

Plaintiff also argues that the ALJ should not have faulted him for not taking narcotics for pain relief. The ALJ stated that plaintiff's complaints of severe pain and an inability to perform an 8-hour workday are inconsistent with the fact that he was not prescribed narcotic pain medication. (Tr. 19). However, plaintiff maintains that because he had an earlier experience of an narcotic addiction, he declined narcotic pain medication. (Tr. 315).

The Commissioner argues that the ALJ reasonably rejected the opinions of plaintiff's treating sources. She points out that the ALJ's decision that plaintiff could lift up to 10 pounds is consistent with Dr. Ragland's opinion that plaintiff could lift up to 20 pounds (Tr. 22, 309), as well as with Dr. Aungst's opinion that plaintiff could not sit or stand for more than 30 minutes at a time or lift over 10 pounds. (Tr. 307). However, the Commissioner maintains that the ALJ's decision is inconsistent with Dr. Ragland's and Dr. Aungst's opinions that plaintiff could not complete a 40-hour workweek, with the ALJ stating that those opinions were

5

"highly speculative." (Tr. 19, 308, 310). The Commissioner contends that Dr. Ragland's opinion that plaintiff would require a functional capacities evaluation to fully assess his ability to function undercuts Dr. Ragland's opinion that plaintiff could not complete a 40-hour workweek. (Tr. 310-11). Furthermore, the Commissioner maintains that the ALJ also properly discounted Dr. Aungst's opinion as that of a chiropractor (Tr. 19), citing <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 531 (6th Cir. 1997) ("[T]he ALJ was not required to adopt the opinions of a treating chiropractor nor to give them controlling weight.").

As further support for her position, the Commissioner notes that the opinions of consultative examiner Dr. Summers and state agency reviewing physicians Drs. Richard and Bounds were consistent with the ALJ's decision. Dr. Summers opined that plaintiff could frequently lift up to 20 pounds, that his heart condition did not cause work-related limitations, and that his hearing was intact. (Tr. 280-81). Both Dr. Richard and Dr. Bounds opined plaintiff could perform light work. (Tr. 284-91, 297-305).

With respect to plaintiff's argument regarding narcotic pain medication, the Commissioner concedes that plaintiff's argument has some merit, but notes that any error is harmless because this issue was only part of the ALJ's analysis.

I find the Commissioner's arguments persuasive regarding the weight given the opinions of plaintiff's treating sources. As the Commissioner points out, Dr. Ragland's opinion that the plaintiff cannot work a 40-hour week is severely undercut by his finding that in order to fully assess plaintiff's ability to function, a functional capacities evaluation (Tr. 309-12) would be required and his office note of September 5, 2003 reveals that plaintiff was released from Dr.

Case 3:04-cv-00383   Document 14   Filed 03/29/05   Page 6 of 9   PageID #: 39

Ragland's care with no further followup necessary. (Tr. 411). With respect to Dr. Aungst, I agree with the ALJ that the diagnostic findings are not present to support his opinion that plaintiff would require a 10-minute rest period for every one hour worked. (Tr. 19, 307). Moreover, as the Commissioner noted, the opinions of consultative examiner Dr. Summers (Tr. 280-81), Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence), and state agency reviewing physicians Drs. Richard and Bounds, both of whom opined plaintiff could perform light work, were consistent with the ALJ's decision (Tr. 18-19, 281, 285-91, 297-305). 20 C.F.R. § 404.1527(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation."). Lastly, I find that any error by the ALJ regarding plaintiff's failure to use narcotic pain medication to be harmless in light of other record evidence.

Next, plaintiff contends that the ALJ erred in failing to evaluate all of his impairments in his residual functional capacity finding, noting that the ALJ mentioned plaintiff's other impairments before finding them not "severe." (Tr. 16-17). Plaintiff points to the ALJ's evaluation of his skin cancer, eye, and hearing impairments. Biopsies show the presence of squamous cell carcinoma in plaintiff's right hand, left shoulder, and left forearm and pure tone testing revealed "mild to severe, high frequency, sensorineural hearing loss in the left ear, and a moderate, high frequency, sensorineural hearing loss in the right ear." (Tr. 341-42, 392). Plaintiff also has a cyst in his left eye. (Tr. 17).

7

The Commissioner argues that the plaintiff failed to meet his burden to show that his skin, eye, and hearing impairments cause any significant functional impairments. 20 C.F.R. § 404.1520(a)(4)(ii). Testing of his hearing showed that although he had mild to severe high frequency hearing loss, his word recognition ability was good (Tr. 17, 148, 172, 341); that biopsies of his right hand and left shoulder showed skin cancer which caused him to stay out of the sun (Tr. 17, 392); and that there was no objective medical evidence that his eye impairment significantly affected his ability to work. (Tr. 16-17, 280). Therefore, the Commissioner maintains that the ALJ considered each of these impairments, but found that the medical evidence did not establish that the impairments significantly limited plaintiff's ability to work. (Tr. 16-17).

I agree with the Commissioner that the ALJ properly discussed plaintiff's skin cancer, as well as his eye and hearing impairments, and reasonably found that they were not "severe" as that term is defined in the Social Security Act. (Tr. 16-17). Thus, this issue is without merit.

Lastly, plaintiff states in the conclusion of his brief that if the ALJ's decision had been issued two months later when he reached the age of fifty, a decision of disabled would have been mandated by the Medical-Vocational Rule 201.14. However, because plaintiff failed to present a developed argument in his brief of the use of a higher age category, he cannot now complain that the result would have been different based upon his age. Indeck Energy Services, Inc. v. Consumers Energy Company, 250 F.3d 972, 979 (6th Cir. 2000) ("[I]ssues adverted to in

8

a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

In light of the foregoing, it is hereby **RECOMMENDED** that the plaintiff's motion for judgment on the pleadings [Doc. 9] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 12] be **GRANTED**.[1]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).